In the Matter of MARK PROBERT (Admitted as MARK S. PRO-
BERT), a Suspended Attorney, Respondent. GRIEVANCE
COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 9, 1992

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Muriel L. Gennosa* of
counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated September 29,
1989, the respondent was suspended from the practice of law
until the further order of this Court based upon his failure to
cooperate with the Grievance Committee. By further order of
this Court dated June 4, 1992, the Grievance Committee was
authorized to institute and prosecute a disciplinary proceeding

against the respondent and the Honorable Moses M. Weinstein was appointed as Special Referee.

A notice of petition and petition was personally served upon the respondent on July 2, 1992. No answer was forthcoming. The petitioner now moves to hold the respondent in default. The motion was personally served upon the respondent on August 14, 1992. The respondent has failed to submit any papers in response to the default motion.

The charges involve 22 counts of the respondent's failure to cooperate with the Grievance Committee in its investigations into complaints of professional misconduct.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear or answer in these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark Probert, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Mark Probert, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.